# SETTLEMENT AGREEMENT

This Settlement Agreement, General Release and Waiver (the "Agreement"), is entered into this __ day September 4, 2021 by and between Plaintiff MELINA HERNANDEZ ("Plaintiff"), on the one hand, and defendants DAFNON FOOD CORP., (DBA AS AUSTIN HOUSE DINER) MICHAEL VOULGARIS AND IANNIS XERAKIAS the "Defendants," on the other hand.

## WITNESSETH:

**WHEREAS**, an action were commenced on February 27, 2019 by Plaintiff against Defendants in the United States District Court for the Eastern District of New York, Case No. 1:20 CV 1097 (the "Lawsuit") asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit, including, but not limited to, all claims alleged or which could have been alleged in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for, and in consideration of, the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement Amount**.

The Settlement Amount shall be paid as detailed below, payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

One check in the amount of Eighteen Thousand ($18,000) dollars ("Settlement Amount") made payable to STILLMAN LEGAL PC for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff' counsel at 42 Broadway, 12th Floor New York NY 10004.

2. **Dismiss Action with Prejudice**. For and in consideration of the Settlement Amount detailed in paragraph 1 of this Agreement, which Plaintiff acknowledges to be sufficient consideration to support this Agreement and compensation for the claims of her action, Plaintiff shall withdraw, in writing, and secure the dismissal with prejudice, of the Lawsuit against Defendants. Plaintiff hereby warrants that she has not (and will not file) filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than the Lawsuit, which they agree to dismiss with prejudice. To that end, Plaintiff authorizes her counsel to execute a Stipulation of Dismissal and Order, in the form set forth hereto as Exhibit A, and to cooperate with Defendants

as required in ensuring the dismissal of the Lawsuit with prejudice, including, but not limited to, obtaining the Court's approval of the within settlement as fair and reasonable.

3.  **No Admissions**.  This Agreement does not constitute an admission by any of the Defendants of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Defendants expressly deny any such violation or liability.  This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4.  **Mutual Non-Disparagement**.  The Parties agree that, except as compelled by legal process or otherwise required by law, they will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast the other Party in a negative light or to damage the Parties' reputations, business operations, business relationships, or present or future business. Nothing herein shall be construed to preclude any Party from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, any truthful statements about Plaintiff's experience litigation this Lawsuit or this settlement.

5.  **Release.**  Upon the payment of the Settlement Amount and filing the stipulation of discontinuance with prejudice, Plaintiff, her heirs, successors, beneficiaries, trustees, administrators, executors, and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants, as well as their past and present officers, directors, members, shareholders, employees, predecessors, successors, assigns and legal representatives, from and against any and all charges, complaints, claims, liabilities, obligations, promises, stipulations, actions, or causes of action, debts, attorneys' fees or other costs and expenses, including but not limited to wage and hour claims that were, or could have been, asserted under federal or state laws by Plaintiff in the Lawsuit, through the date this Agreement is approved by the Court.  The Released Claims include, but are not limited to, all claims under Federal or New York State laws for minimum or overtime wages, unreimbursed expenses, spread of hours, all claims for gratuities under NYLL § 196-d, NYLL § 195 penalties, or any other wage and hour claims that could have been asserted in the Lawsuit, including, without limitation, all claims for restitution and other equitable relief, liquidated damages, penalties, interest or attorneys' fees.  The Released Claims include, all claims under the NYLL, Article 6, § 191 (Frequency of payments); § 192 (Cash payment of wages); § 193 (Deductions from wages); § 195 (Notice and record-keeping requirements); § 196-d (Gratuities); § 198-c (Benefits or wage supplements); § 198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq.  The Released Claims further include any and all claims under the FLSA, 29 U.S.C. §§ 201 et seq. and applicable federal regulations for minimum wage, overtime, retaliation, reimbursed expenses, tips, gratuities, liquidated damages, penalties, interest, and attorneys' fees.

6.  **Lack of Duress**.  The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

7. **No Representations**.  The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

8. **Review and Revocation**.

A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel.  The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B. Plaintiff acknowledges that before signing this Agreement, she was given sufficient, and reasonable, time to review and consider it; Plaintiff has , in fact, carefully reviewed this Agreement; and Plaintiff is entering into it voluntarily and of her own free will.

C. The date upon which this Agreement becomes effective (the "Effective Date") shall mean the day the Court enters a written Order granting final approval of the settlement.  If the Court does not approve this Agreement, the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the Lawsuit will proceed as if no settlement had been attempted, and Defendants retain the right to contest the merits of the claims being asserted by Plaintiff in the Lawsuit, and nothing set forth in this Agreement shall be permitted to be used by any Party against the other.

9. **Warranty of Capacity to Execute Agreement**.  The Parties represent and warrant that no other person or entity have , or have  had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiff have the sole right and exclusive authority to receive the Settlement Amount; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

10. **Entire Agreement**.  This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

11. **Severability**.  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, the Parties agree to promptly execute valid general releases and waivers in favor of each other.

12. **Counterparts**.  This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.  Facsimile or scan copies of signatures shall be deemed originals.

13. **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions.  Any action or proceeding between the Parties shall be commenced only in the state or federal courts located in the State of New York, County of Suffolk, and Plaintiff and Defendants hereby submit to the exclusive jurisdiction of the state and/or federal courts located in the State of New York, County of Suffolk.

14. **Successors and Assigns**.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

15. **Assignment**.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent and affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

16. **Waiver**.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

17. **Headings**.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement and shall in no way affect the interpretation of any of the provisions of this Agreement.

18. **Miscellaneous Provisions**.

    a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b. Each of the Parties hereto have joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

19. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice and via electronic mail:

If to Plaintiff :

> **Lina Stillman, Esq.**
> **Stillman Legal, P.C.**
> **42 Broadway, 12th Floor**
> **New York, New York 10004**
> **Tel: (212) 203-2417**
> **Email: ls@stillmanlegalpc.com**

If to Defendants:   **William V. DeCandido**
> **DeCandido & Azachi, PLLC**
> **Attorneys-at-Law**
> **71-50 Austin Street, Suite 206**
> **Forest Hills, New York**
> **P: (718) 275-6600**
> **D: (929) 458-6667**
> **Bill.decandido@nylawadvisors.com**

**[INTENTIONALLY LEFT BLANK; SIGNATURE PAGES TO FOLLOW]**

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Page **5** of **6**

Accepted by Melina Hernandez
_____
MELINA HERNANDEZ, Plaintiff
Dated:  September  30 , 2021


DAFNON FOOD CORP., (DBA AS AUSTIN HOUSE DINER), Defendant

Accepted by Michael Voulgaris
_____
By:  MICHAEL VOULGARIS, President
Dated:  September   30 , 2021


Accepted by Michael Voulgaris
_____
MICHAEL VOULGARIS, Defendant
Dated:  September   30, 2021


Accepted by Iannis Xerakias
_____
IANNIS XERAKIAS, Defendant
Dated:   September   30, 2021